MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
BUENAVENTURA CASIANO and GREGORIO
CANDIA MENDOZA *individually and on behalf of
others similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| 67 DELI INC.  (d/b/a 67 DELI CORP.), ABDULLA ALI MUSAID, and ABDULRAHMAN JAMIL MOSED, | **ECF Case** |
| *Defendants*. | |

-------------------------------------------------------X

Plaintiffs Buenaventura Casiano and Gregorio Candia Mendoza, individually and on

behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys,

Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against 67 Deli

Corp.  (d/b/a 67 Deli Corp.) ("Defendant Corporation"), Abdulla Ali Musaid, and Abdulrahman

Jamil Mosed, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of defendants 67 Deli Corp.  (d/b/a 67 Deli

Corp.), Abdulla Ali Musaid, and Abdulrahman Jamil Mosed (collectively, "Defendants").

2.      Defendants own(ed), operate(d), or control(led) a Deli located at 67 Lenox Avenue, New York, New York 10026 under the name 67 Deli Corp.

3.      Upon information and belief, individual defendants Abdulla Ali Musaid and Abdulrahman Jamil Mosed serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

4.      Plaintiffs were employed as a cashier, deli worker, stocker and general assistant.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime compensation and spread of hours pay for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for their hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

- 2 -

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Deli located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

15.     Plaintiff Buenaventura Casiano ("Plaintiff Casiano" or "Mr. Casiano") is an adult individual residing in New York County, New York. Plaintiff Casiano was employed by Defendants from approximately January 2020 until on or about June 26, 2021.

16.     Plaintiff Gregorio Candia Mendoza ("Plaintiff Candia" or "Mr. Candia") is an adult individual residing in New York County, New York. Plaintiff Candia was employed by Defendants from approximately May 2020 until on or about April 2021.

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a Deli located at 67 Lenox Avenue, New York, New York 10026 under the name "67 Deli Corp."

18.     Upon information and belief, 67 Deli Corp.  (d/b/a 67 Deli Corp.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 67 Lenox Avenue, New York, New York 10026.

19.     Defendant Abdulla Ali Musaid is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Abdulla Ali Musaid is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Abdulla Ali Musaid possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Abdulrahman Jamil Mosed is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant

Abdulrahman Jamil Mosed is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Abdulrahman Jamil Mosed possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a Deli which is located in the South Harlem section of Manhattan in New York City.

22.     The individual defendants, Abdulla Ali Musaid and Abdulrahman Jamil Mosed possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constituted a single employer of Plaintiffs and/or similarly situated individuals.

27.     Upon information and belief, individual defendants Abdulla Ali Musaid and Abdulrahman Jamil Mosed operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.  transferring assets and debts freely as between all Defendants,

d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

f.  intermingling assets and debts of their own with Defendant Corporation,

g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h.  other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

29.     In each year from 2020 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Deli on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

31.     Plaintiffs are former employees of Defendants who were employed as cashier, deli worker, stocker and general assistant.

32.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Buenaventura Casiano*

33.     Plaintiff Casiano was employed by Defendants from approximately January 2020 until on or about June 26, 2021.

34.     Defendants employed Plaintiff Casiano as a cashier and deli worker.

35.     Plaintiff Casiano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.     Plaintiff Casiano's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Casiano regularly worked in excess of 40 hours per week.

38.     From approximately January 2020 until on or about March 2020, Plaintiff Casiano worked from approximately 7:00 a.m. until on or about 4:00 p.m., four days a week and from approximately 7:00 a.m. until on or about 5:00 p.m. three days a week (typically 66 hours per week).

39.     From approximately April 2020 until on or about June 26, 2021, Plaintiff Casiano worked from approximately 7:00 a.m. until on or about 4:00 p.m. seven days a week (typically 63 hours per week).

40.     Throughout his entire employment with Defendants, Plaintiff Casiano was paid his wages in cash.

41.     Throughout his entire employment with Defendants, Plaintiff Casiano was paid $15.00 per hour.

42.     However, for a period of one and a half weeks in June 2021, Defendants failed to pay Plaintiff Casiano his weekly wages.

43.     Defendants never granted Plaintiff Casiano any break or meal period of any kind.

44.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Casiano regarding overtime and wages under the FLSA and NYLL.

45.     Plaintiff Casiano was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46.     Furthermore, Defendants never provided Plaintiff Casiano with a statement of wages with each payment of wages, as required by NYLL 195(3).

47.     Defendants never gave any notice to Plaintiff Casiano, in English and in Spanish (Plaintiff Casiano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

48.     Defendants required Plaintiff Casiano to purchase "tools of the trade" with his own funds—including 2 pairs of non-slip shoes and 12 chef jackets.

*Plaintiff Gregorio Candia Mendoza*

49.     Plaintiff Candia was employed by Defendants from approximately May 2020 until on or about April 2021.

50.     Defendants employed Plaintiff Candia as a stocker and general assistant.

51.     Plaintiff Candia regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

52.     Plaintiff Candia's work duties required neither discretion nor independent judgment.

53.     Throughout his employment with Defendants, Plaintiff Candia regularly worked in excess of 40 hours per week.

54.     From approximately May 2020 until on or about April 2021, Plaintiff Candia worked from approximately 9:00 a.m. until on or about 7:00 p.m., four days a week and from approximately 9:00 a.m. until on or about 8:00 p.m. three days a week (typically 73 hours per week).

55.     Throughout his employment with Defendants, Plaintiff Candia was paid his wages in cash.

56.     Throughout his employment with Defendants, Plaintiff Candia was paid $10.00 per hour.

57.     Plaintiff Candia's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

58.     For example, defendants required Plaintiff Candia to work one hour past his scheduled departure time three days a week, and did not pay him for the additional time they required him to work.

59.     In addition, Defendants did not pay Plaintiff Candia's $800 of his weekly wages.

60.     Defendants never granted Plaintiff Candia any breaks or meal periods of any length.

61.     Plaintiff Candia was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

62.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Candia regarding overtime and wages under the FLSA and NYLL.

63.     Defendants never gave any notice to Plaintiff Candia, in English and in Spanish (Plaintiff Candia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

64.     Defendants required Plaintiff Candia to purchase "tools of the trade" with his own funds—including two pairs of non-slip shoes and 6 shirts.

*Defendants' General Employment Practices*

65.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

66.     Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

67.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

68.     Defendants habitually required Plaintiff Candia to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

69.     Plaintiffs were paid their wages in cash.

70.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

71.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

72.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

73.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

74.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former workers.

75.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

76.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

77.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

78.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

79.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

80.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

81.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

82.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

83.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

84.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

85.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

88.     Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89.     Plaintiffs were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

90.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

91.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiffs were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)**

94.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire

Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

96.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

97.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

99.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.    Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

102.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

103.    Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

104.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6.

106.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

107.    Plaintiffs were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

108.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

110.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## (VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW)

111.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

112.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

113.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## (RECOVERY OF EQUIPMENT COSTS)

114.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

115.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as dress shoes, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

116.    Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

- 17 -

117.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

118.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

119.    Defendants are liable to Plaintiffs in an amount to be determined at trial.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)     Declaring that Defendants failed to pay Plaintiffs in a timely fashion;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding

spread of hours pay under the NYLL, as applicable;

      (o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

      (p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

      (q)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

      (r)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

      (s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

      (t)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

     Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       October 12, 2021

                                   MICHAEL FAILLACE & ASSOCIATES, P.C.

                         By:        /s/ Michael Faillace
                                  Michael Faillace [MF-8436]

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 2, 2021

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Buenaventura Casiano

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:               2 de agosto 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 2, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Gregorio Candia Mendoza

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      2 de agosto 2021

*Certified as a minority-owned business in the State of New York*