UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BUENAVENTURA CASIANO &
GREGORIO CANDIA MENDOZA,

Plaintiffs,

-v-

67 DELI CORP., ABDULLA ALI MUSAID &
ABDULRAHMAN JAMIL MOSED,

Defendants.

21 Civ. 8459 (PAE) (OTW)

<u>ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

Before the Court is the March 14, 2024, Report and Recommendation of United Staes Magistrate Judge Ona T. Wang, after an inquest into the damages due to plaintiffs Buenaventura Casiano and Gregorio Candia Mendoza in this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.* For the following reasons, the Court adopts the Report's recommendations, while making minor modifications to the calculation of pre-judgment interest and the total damage award due each plaintiff.

## I.      Background

On October 13, 2021, Casiano and Mendoza, then acting on behalf of a putative FLSA collection and NYLL class, filed this action against defendants 67 Deli Corp. ("67 Deli"), Abdulla Ali Musaid, and Abdulrahman Jamil Mosed, alleging violations of the two statutes based on failures to pay minimum and overtime wages, to pay spread of hours pay, to provide wage notices and wage statements, and to compensate plaintiffs for equipment costs. The

Complaint sought compensatory damages, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs.

On October 19, 2021, this Court referred the case to Judge Wang for pre-trial management. Dkt. 8. On January 11, 2022, plaintiffs filed an Amended Complaint. Dkt. 12. On March 16, 2022, plaintiffs served defendants with process, making defendants' deadline to answer or otherwise respond April 6, 2022. Dkts. 23–25. On May 20, 2022, after defendants had failed to respond, plaintiffs filed an entry of default as to 67 Deli, Musaid, and Mosed with the Clerk of the Court. Dkts. 30–32. On May 23, 2022, the Clerk of the Court issued a certificate of default as to all defendants. Dkts. 33–35. On October 31, 2022, plaintiffs moved for default judgment against 67 Deli, Musaid, and Mosed. Dkts. 40–42.

On November 2, 2022, the Court issued an order to show cause, giving defendants until November 16, 2022, to file an opposition explaining why a default judgment was not warranted. Dkt. 43. Defendants did not oppose the default judgment. On March 24, 2023, the Court entered a default judgment for Casiano and Mendoza against all three defendants. Dkt. 48. The Court found that proof of service had been filed; each defendant had failed to answer the Complaint; the time for answering had expired; and each defendant had failed to appear to contest the entry of a default judgment. The Court referred the case to Judge Wang for an inquest into damages. Dkt. 49.

On March 14, 2024, Judge Wang issued a Report and Recommendation, recommending that the Court award Casiano $36,760 in damages and $2,984.03 in pre-judgment interest; Mendoza $68,380 in damages and $7,376.25 in pre-judgment interest; and $3,035.30 jointly in attorneys' fees and costs. Dkt. 58 ("Report") at 21. The Report stated "the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written

objections." Report at 21. Objections were due on March 28, 2024. To date, the Court has not received any objections.

## II.    Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer,* 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Wang's thorough and well-reasoned Report reveals that there is no facial error in its conclusions, save the need to make a minor calculative correction as to the prejudgment interest owed to each plaintiff (and thus each's aggregate damages). Accordingly, the Report, which is incorporated by reference herein, is adopted with the following modifications.

The Court accepts the period the Report identifies for which pre-judgment interest runs for each plaintiff: for Casiano, between September 28, 2020 and March 24, 2023; and for Mendoza, between October 30, 2020 and March 24, 2023. Using the formula in the Report, however, the Court finds Casiano entitled to $2,992.36 in pre-judgment interest ($13,380 unpaid

overtime wages x 9% x [1/365] x 907 days), not the $2,984.03 the Report calculates. *See* Report at 16. Similarly, Mendoza, is entitled to $7,376.61 in pre-judgment interest ([$10,400 unpaid overtime wages + $21,450 unpaid minimum wages + $2,340 unpaid spread hours] x 9% x [1/365] x 875 days), not the $7,376.25 the Report calculates. *See* Report at 17.

Accordingly, in total damages, Casiano is entitled to $39,752.36 ($13,380 [unpaid overtime] + $13,380 [liquidated damages] + $10,000 [wage notice and wage statement violations] + $2,992.36 [pre-judgment interest]). Mendoza, in total damages, is entitled to $85,756.61 ($10,400 [unpaid overtime] + $21,450 [unpaid minimum wage] + $2,340 [unpaid spread hours] + $34,190 [liquidated damages] + $10,000 [wage notice and wage statement violations] + $7,376.61 [pre-judgment interest]). In addition, plaintiffs are entitled jointly to $3,035.30 in attorneys' fees and costs.

Because the Report explicitly states that the parties' failure to file objections within 14 days of service "will result in a waiver of objections and will preclude appellate review," the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full, save to make a minor calculative correction to pre-judgment interest. The Court finds that defendants 67 Deli, Musaid, and Mosed are jointly and severally liable to plaintiffs. The Court holds that the plaintiffs are entitled to the following sums: $39,752.36 for Casiano; and $85,756.61 for Mendoza. Each plaintiff is further entitled to post-judgment interest on the above sums, to be calculated pursuant

4

to 28 U.S.C. § 1961. Finally, the Court awards plaintiffs jointly $3,035.30 in attorneys'

fees and costs. The Court directs the Clerk of the Court to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: April 3, 2024
      New York, New York

5